**In re John S. SEANOR, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–23.**

District of Columbia Court of Appeals.

Submitted Sept. 23, 1999.
Decided Oct. 14, 1999.

---

Before SCHWELB and WASHINGTON, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

On March 25, 1993, following disciplinary proceedings in Florida, John S. Seanor was suspended from practice in that jurisdiction and placed on probation for two years for submitting *ex parte* communications to the court and for incompetent representation of clients. On October 26, 1995, following probation violations by Sea-

---

nor, the Supreme Court of Florida suspended him indefinitely until he was able to demonstrate compliance with the terms and conditions of his probation.

Although Seanor failed to report the Florida discipline, Bar Counsel learned of it through the American Bar Association's National Disciplinary Data Bank, and reciprocal disciplinary proceedings were instituted in this jurisdiction. On November 18, 1998, the Board on Professional Responsibility recommended that Seanor be suspended for thirty days and that he be required to demonstrate his fitness to practice before reinstatement to the District of Columbia Bar.

Bar Counsel has advised the court that he takes no exception to the Board's recommendation. Seanor has not participated in the proceedings in this jurisdiction, either before the Board or before this court. "The deferential standard [of review] mandated by [D.C. Bar R. XI, § 9(g)] becomes even more deferential where, as here, the attorney has failed to contest the proposed sanction." *In re Goldsborough*, 654 A.2d 1285, 1288 (D.C. 1995).

Our rules do not provide for the suspension of an attorney for an indefinite period, and the Board reasonably treated Seanor's indefinite suspension in Florida as warranting a suspension for a specified term in this jurisdiction (with or without requiring proof of fitness, depending on the circumstances). In this case, applying the criteria set forth in *In re Chisholm*, 679 A.2d 495, 503 (D.C.1996), the Board recommended that Seanor be required to demonstrate his fitness to practice law before being readmitted to practice. Especially in light of our deferential standard of review, we perceive no reason to reject this sensible recommendation.

Accordingly, John S. Seanor is hereby suspended from practice in the District of Columbia for a period of thirty days. The thirty-day period shall not begin to run until Seanor has filed the affidavit required by D.C. Bar R. XI, § 14(g).[1] Seanor shall not be reinstated to the practice of law unless and until he has first demonstrated his fitness to practice. We direct Seanor's attention to the provisions of D.C. Bar R. XI, §§ 14 and 16.

*So ordered.*

---

1. By order of this court dated January 21, 1998, Seanor was suspended from practice pursuant to D.C. Bar R. XI, § 11(d), which provides for temporary suspension in reciprocal discipline cases. Accordingly, Seanor is not permitted to practice in this jurisdiction pending the filing of the § 14(g) affidavit, nor thereafter until he has satisfied the requirement that he demonstrate his fitness to practice.